Charles T. Major, J.
The above claims were filed to recover damages for personal injuries and property damage caused by the alleged negligence of the State in the maintenance of State Highway Boute 17, in Chautauqua County, east of Fluvanna.
About 7:30 p.m. on September 10, 1955, claimant Gunnard E. Goranson was lawfully driving his 1950 Chrysler automobile easterly in the right or southerly lane of the three-lane New York State Highway Boute 17. His wife, claimant Jessie B. Goranson was a passenger sitting on his right in the front seat. The road was straight and level, and the car’s speed was about 20 miles per hour. A storm was arriving, wind was blowing and *1021 it started to rain. When claimants approached the Gordon farm produce stand, a partially dead and rotted portion of a tree split from the trunk, fell into the road, bringing down a live green limb with it, and came to rest across the front of claimants’ car. After the crash, the rotten portion was still attached to its trunk and the top thereof was in the highway. Claimants’ car was “ sandwiched ” between the broken limbs and the highway, its front was badly crushed, the top caved in, and the windshield glass scattered inside.
This tree stood 5 to 6 feet from the southerly edge of the pavement. It was 13 feet in circumference at its base, 4 feet in diameter at a point 4 feet above the ground, and about 100 years old. About 7 to 8 feet above the ground, it divided into a “ Y ” and continued as two large sections. The part which fell split at the “ Y ”.
The evidence shows that the tree was rotten and decayed at the point of the break and for a considerable area around it, and had been in that condition for a long time. The upright of the fallen limb was substantially barren of leaves. Dead branches of this tree had fallen on occasions prior to this accident. The local office of the New York State Department of Public Works was notified of the condition of this tree in May, 1955. Representatives of the department came and pulled a bird’s nest out of the crotch of the “ Y ”, but, aside from cutting some small branches, did nothing further about it until after the accident.
The State had actual and constructive notice thereof, and was negligent by the standards established in such cases. It failed both in the duty of inspection and removal. The condition and danger were obvious by observation and made known by notice. No signs of the dangerous condition were posted or notice given to travelers by the State. Claimants were not aware of the condition of the tree, or of the danger to be encountered. Both claimants were free of contributory negligence.
The wind and storm which prevailed at the scene and time of the accident were not unusual for this area. They were not of such intensity that they would or could not be anticipated or expected by prudent persons in the exercise of reasonable care and maintenance of the highway. The proximate cause of the accident was the negligence of the State.
As a result of this accident, claimant Jessie R. Goranson suffered numerous superficial cuts about her arms, legs, face and other parts of her body, shock, a mild concussion, contusions of chest and shoulder, and pain. She was 48 years of age at *1022 the time of this trial, and was overweight. Prior to this accident, from 1950 to 1954, she was under the care of her physician for substantially the same ailments as now complained of, which her doctor attributed to “ change of life ”. However, there is no doubt that her previous condition was greatly aggravated. Due to pain and discomfort, she has not been able to carry on all of her household and other duties, as before the accident.
Claimant Gunnard E. Goranson suffered shock and cut on his right hand. His middle finger of the right hand was also cut and required four sutures. He has fully recovered. In addition, he suffered the loss of his wife’s services during the period she was incapacitated.
Because of this accident, he paid out the following sums for medical attention for his wife and himself, viz: — Dr. Zimmer, $227; Dr. Myron Franks, $75; Dr. Bernard Smith, $30; Dr. Edward G. Eschner, X ray, $35.; Swanson Drug Co., $80.40; Meyer Memorial Hospital, electrocardiogram, $20; visiting nurse, $7.50; Jamestown General Hospital, $181.35; Jamestown Ambulance Service, $22; drugs from miscellaneous drug stores, $35.60, amounting to $713.85. The amount of damage to his car was $643.49, and the towing charge was $20.
Claimant Jessie R. Goranson is awarded the sum of $2,500 for her injuries, pain and suffering.
Claimant Gunnard E. Goranson is awarded the sum of $500 for his pain, suffering and loss of wife’s services, plus his disbursements of $1,377.34 as hereinabove set forth, making a total award of $1,877.34.
Both claims herein were duly filed, and have not been assigned or submitted to any other court or tribunal for audit or determination.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Separate judgments are directed accordingly.